# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00583-CV

**Kevin Bierwirth, Appellant**

**v.**

**BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, Appellee**

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 10-1108-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Bierwirth, acting pro se, appeals the order granting summary judgment in favor of Bank of America, N.A., successor in interest by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (BAC),[1] authorizing nonjudicial foreclosure of a mortgage lien.[2] Bierwirth asserts that the district court erred in granting BAC's motion without requiring presentation of the original "wet ink" note. Because we conclude that BAC was entitled to summary judgment as a matter of law, we affirm the district court's order.

---

[1] This appeal is styled as reflected in the notice of appeal and the summary-judgment order.

[2] Bierwirth's pattern of difficulties with foreclosures and forcible detainers on his real-estate properties is well documented with this Court. *See, e.g.*, *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.); *Bierwirth v. TIB-The Indep. Bankers Bank*, No. 03-11-00336-CV, 2012 Tex. App. LEXIS 6681 (Tex. App.—Austin Aug. 10, 2012, no pet.) (mem. op.); *In re Bierwirth*, No. 03-12-00488-CV, 2012 Tex. App. LEXIS 6205 (Tex. App.—Austin July 26, 2012, orig. proceeding) (mem. op.); *see also Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00271-CV; *Bierwirth v. Federal Nat'l Mortg. Ass'n a/k/a Fannie Mae*, No. 03-12-00430-CV.

## BACKGROUND

Bierwirth executed a note and deed of trust in 2006 to purchase real property and improvements at 3638 Spring Canyon Trail in Round Rock, Texas. Bierwirth agreed to repay his loan by executing a promissory note, and he secured the note by executing a deed of trust. Both instruments identified Countrywide Home Loans, Inc. as the "Lender."

The deed of trust identified Mortgage Electronic Registration Systems (MERS) as "Beneficiary" and stated that MERS was the nominee for the Lender (Countrywide) and its successors and assigns.[3] The deed of trust specified that MERS had the right to exercise any or all of the interests that Bierwirth granted in the deed of trust, including the right to foreclose and sell the property and to take any of the Lender's required actions.

MERS subsequently assigned Bierwirth's note and deed of trust to BAC and recorded the assignment in the Williamson County real property records. The assignment identified MERS ("as nominee for Lender and Lender[']s successors and assigns") as the assignor and BAC as the assignee. *See Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506, at *2-3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.) (addressing analogous facts).

Bierwirth admits that he ceased making payments. Based on Bierwirth's default on the loan, BAC initiated nonjudicial foreclosure proceedings under the terms of the deed of trust and in compliance with the property code. *See* Tex. Prop. Code § 51.002 (authorizing sale of real property after default under powers granted in deed of trust without necessity of filing suit

---

[3] The MERS system is "an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009).

and obtaining judgment directing foreclosure); *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351 (Tex. App.—Austin 1996, no writ) (defining "deed of trust" as mortgage with power to sell on default).

To stop foreclosure, Bierwirth filed the underlying declaratory judgment suit "for verification of debt," challenging BAC's right to foreclose. BAC filed a counterclaim seeking a declaratory judgment that it was authorized to foreclose and subsequently filed a motion for summary judgment, contending that it conclusively proved the requirements to foreclose on the security instrument Bierwirth executed. Bierwirth filed a response, relying on foreclosure cases from other states' courts, arguing that BAC had not shown it was entitled to enforce the lien as a holder in due course of the note. After a hearing, the district court signed a final order granting BAC's summary judgment and allowing foreclosure to proceed. This appeal followed.

## ANALYSIS

Bierwirth's appellate arguments are all variations of a single issue: that BAC did not show it was a holder in due course of his note and thus was not entitled to summary judgment.[4]

We review summary judgments de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). To prevail on a motion for summary judgment, the moving party must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see Mann Frankfort*, 289 S.W.3d at 848. We consider the

---

[4] We need not address Bierwirth's arguments concerning a Federal Trade Commission consent judgment and order because they were never presented to the district court and cannot provide a basis for reversal on appeal. *See* Tex. R. App. P. 33.1 (discussing preservation of error).

summary-judgment evidence in the light most favorable to the non-prevailing party, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848.

BAC moved for summary judgment on Bierwirth's claim that it lacked the right to foreclose and its counterclaim for declaratory judgment, including an order allowing foreclosure under the security instrument and section 51.002 of the Texas Property Code. *See* Tex. Prop. Code § 51.002; Tex. R. Civ. P. 166a(c). BAC's summary-judgment evidence included a business-records affidavit with the following attachments:

- a certified copy of the note that memorialized Bierwirth's promise to repay $108,640 plus interest to Countrywide Home Loans, Inc.;

- a certified copy of the deed of trust between Countrywide Home Loans, Inc. and Bierwirth, containing the right of foreclosure;

- a copy of the assignment of the note and deed of trust by Countrywide Home Loans, Inc.'s nominee MERS to BAC, bearing the file stamp of the Official Public Records of Williamson County;

- a copy of BAC's July 19, 2010 notice to Bierwirth that his loan was in "serious default because required payments ha[d] not been made," giving Bierwirth an opportunity to cure the default before August 18, 2010, and stating that "BAC Home Loan Servicing, LP is a subsidiary of Bank of America, N.A.";

- a copy of the October 12, 2010 notice of acceleration of the maturity of the debt sent from BAC's counsel by certified mail to Bierwirth, enclosing a copy of the scheduled substitute trustee's sale; and

- a copy of the notice of the substitute trustee's sale—scheduled for Tuesday, November 2, 2010 at 11:00 a.m. at the northeast basement door in the new addition to the Williamson County Justice Center—filed in the Official Public Records of Williamson County.

*See* Tex. Prop. Code § 51.002 (required notices to debtor preceding nonjudicial foreclosure). The affidavit, executed by Bank of America, N.A. representative Kevin F. Goforth,[5] averred that the debt reflected in Bierwirth's note and deed of trust was in default for failure to make payments, and that Bierwirth had been provided notice of default, notice of acceleration, and notice of the substitute trustee's sale. *See id.*; *Bierwirth v. TIB-The Indep. Bankers Bank*, No. 03-11-00336-CV, 2012 Tex. App. LEXIS 6681, at *10-11 (Tex. App.—Austin Aug. 10, 2012, no pet.) (mem. op.) (considering similar summary-judgment evidence).

Bierwirth did not produce any evidence controverting BAC's summary-judgment evidence. *See Madeksho v. Abraham, Watkins, Nichols & Friend*, 57 S.W.3d 448, 455 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (noting that "conclusory argument" in response to motion for summary judgment is not summary-judgment evidence). Further, Bierwirth's request that the district court strike Goforth's affidavit because it came from an "interested party" was without merit. *See Athey v. Mortgage Elec. Registration Sys.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied) (mere fact of affiant's employment by MERS's mortgage servicer did not preclude her testimony).

On appeal, Bierwirth states that he "will not cite court opinions in order to justify his position" that he was entitled to presentment of the note as verification of his debt (and ultimately, as part of BAC's demonstration of its right to foreclose). *Cf.* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain appropriate citations to authorities). In any event, Bierwirth's "show-me-the-note" argument has been considered and rejected by Texas courts, including this Court, because

---

[5] The affidavit states that Goforth is "an employee of Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP."

"foreclosure statutes simply do not require possession or production of the original note." *Bierwirth*, 2012 Tex. App. LEXIS 7506, at *10 (quoting *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 U.S. Dist. LEXIS 87567, at *7 (W.D. Tex. July 25, 2011)) (applying Texas law); *see Martins v. BAC Home Loans Servicing, L.P.*, No. 12-20559, 2013 U.S. App. LEXIS 8529, at *4-5 (5th Cir. Apr. 26, 2013) (same).  As we have previously stated, the note and the deed-of-trust lien afford distinct remedies on separate obligations—the note against the borrower and the lien against the real property—thus, a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on the note. *Bierwirth*, 2012 Tex. App. LEXIS 7506, at *11; *Stephens v. LPP Mortg.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied).

Bierwirth's assertion that an entity must own or hold a promissory note to conduct a foreclosure runs afoul of chapter 51 of the property code, which authorizes a mortgagee to sell real property under a "power of sale conferred by a deed of trust."  *See* Tex. Prop. Code §§ 51.0001(4) (defining "mortgagee"), .002 (providing procedure for foreclosure "under power of sale conferred by deed of trust"); *Bierwirth*, 2012 Tex. App. LEXIS 7506, at *15-16; *Athey*, 314 S.W.3d at 166 (holding that MERS, lender's nominee, had authority under deed of trust to proceed with nonjudicial foreclosure); *see also Kramer v. Fannie Mae*, No. A-12-CA-276-SS, 2012 U.S. Dist. LEXIS 105878, at *17-18 (W.D. Tex. May 15, 2012) (concluding Texas law does not require that entity must own or hold promissory note to conduct foreclosure under associated deed of trust); 15 W. Mike Baggett, *Texas Practice Series*:  Texas Foreclosure:  Law & Practice § 2.02 (2002) (describing nonjudicial foreclosure process).  Chapter 51 of the property code defines a "mortgagee" who is authorized to foreclose as including "the grantee, *beneficiary*, owner, or holder of a security instrument."

6

Tex. Prop. Code § 51.0001(4) (emphasis added). Here, MERS was identified in the deed of trust as the Beneficiary:

> "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument.

Thus, MERS was a "mortgagee" as defined in the property code. *See Bierwirth*, 2012 Tex. App. LEXIS 7506, at *16. The deed of trust also stated that MERS, as nominee for the Lender (Countrywide), had the right to foreclose and sell the property:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary, to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required for Lender, including, but not limited to, releasing and canceling this Security Interest.

When MERS executed the assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender, Countrywide), including the "right to foreclose and sell the Property." *See id.* at *16-17 (citing *Campbell v. Mortgage Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *15 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.)) (considering identical provision in other deeds of trust). The deed of trust provided for the use of MERS, and those provisions are enforceable to the extent of the terms set forth in the document. *Bierwirth*, 2012 Tex. App. LEXIS 7506, at *17 (citing *Campbell*, 2012 Tex. App. LEXIS 4030, at *15). Where a deed of trust expressly grants MERS the power of sale, then MERS has that power. *Campbell*, 2012 Tex. App. LEXIS 4030, at *15 (citing *Athey*, 314 S.W.3d at 166); *see also Martins*, 2013 U.S. App. LEXIS 13886, at *12-13 (concluding that possession of

note was not required for nonjudicial foreclosure and noting that "deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale,' even though it would not be possible for both to hold the note" (quoting *Robeson v. MERS*, No. 02-10-00227-CV, 2012 Tex. App. LEXIS 137, at *16 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (mem. op.))); *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 U.S. Dist. LEXIS 24620, at *17 (E.D. Tex. Feb. 3, 2012) ("Since the Deed of Trust identifies MERS as the beneficiary and the nominee for the original lender and its successors and assigns, this makes MERS a mortgagee under the Texas Property Code. As a mortgagee, MERS could authorize BAC to service the loan and foreclose, regardless of whether MERS was the true owner of the Note.").

We conclude that BAC's evidence conclusively established its right to summary judgment as a matter of law on its right to proceed with nonjudicial foreclosure under Bierwirth's deed of trust and section 51.002 of the Texas Property Code. Because the district court correctly granted BAC's summary judgment, we overrule Bierwirth's issue.

## CONCLUSION

Having overruled Bierwirth's issue, we affirm the district court's order.

---

Jeff Rose, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed:   February 20, 2014

8