**Opinion issued June 3, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00604-CV

———————————

**TONY LEE AND JAMES MORGAN, Appellants**

**V.**

**BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING, LP, Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-26464**

---

## MEMORANDUM OPINION

Appellants, Tony Lee and James Morgan, challenge the trial court's grant of the motions to dismiss and for summary judgment of appellee, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loan Servicing, LP ("Countrywide"), on their claims

against Bank of America for breach of contract, negligence, and wrongful foreclosure. In three issues, Lee and Morgan contend that the trial court erred in dismissing Morgan's claims, granting Bank of America summary judgment on Lee's claims, and denying their motions for new trial.

We affirm.

## Background

On October 11, 2007, Lee purchased the real property and improvements located at 7207 Tickner Street in Houston, Texas, by borrowing money from Countrywide. Lee agreed to repay the loan by executing a promissory note secured by a deed of trust, which named Mortgage Electronic Registration Systems, Inc. ("MERS")[1] as the beneficiary and nominee of the original lender, Countrywide Bank, FSB. The deed of trust was recorded in the mortgage records of Harris County, Texas. MERS subsequently assigned the deed of trust to Bank of America on October 28, 2010.[2]

In 2010, Lee became delinquent on the loan. Bank of America sought, and Lee submitted, an application for a loan modification under the United States

---

[1] The MERS system is "an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *In re Mortg. Elec. Registration Sys. (MERS) Litig*., 659 F. Supp.2d 1368, 1370 (J.P.M.L. 2009).

[2] The original assignment was recorded in the real property records of Harris County, Texas.

2

Treasury Department's Home Affordable Modification Program ("HAMP"),[3] but no modification was ever approved. Bank of America later accelerated the loan and posted the property for non-judicial foreclosure. Meanwhile, Lee entered into a short sale contract to sell the property to Morgan, and together they sued Bank of America seeking to enjoin foreclosure. The trial court granted Lee and Morgan an injunction and proceeded with their claims for breach of contract, negligence, and wrongful foreclosure.

Bank of America filed a no-evidence summary-judgment motion against both Lee and Morgan, and it moved to dismiss Morgan's claims for lack of standing, asserting that it had no relationship with him regarding the property at issue. Bank of America further asserted that no private cause of action exists under HAMP and Morgan had no evidence to support the elements of his claims for breach of contract and negligence. It also asserted that Lee had no evidence to support any of the elements of his claim for breach of contract, any claim arising in tort is precluded by the economic loss doctrine, and no private cause of action exists under HAMP.

In his response to Bank of American's motion to dismiss, Morgan asserted that he has standing both as a third-party beneficiary to the contract between Lee and Bank of America and in his own capacity for tortious interference with the

---

[3]     *See* 12 U.S.C § 5219(a) (2009).

sales contract between him and Lee. Morgan further asserted that a justiciable dispute exists as to specific performance of his contract for sale with Lee and a breach of the contract between Lee and Bank of America. In response to Bank of America's summary-judgment motions,[4] Lee and Morgan together asserted that Morgan has standing as a third-party beneficiary to the contract between Lee and Bank of America; they had evidence creating a fact issue on the elements of their claims for breach of contract and negligence; Lee performed under the contract, cured any default by entering into a sales agreement with Morgan, and Bank of America breached its contract with Lee by proceeding with the foreclosure despite his cure; Bank of America did not have the authority to accelerate the note and foreclose on the property because it was not the holder of the note; Bank of America did not follow HAMP policies and procedures;[5] and Bank of America was improperly attempting to circumvent special exceptions practice through its motion.

As summary-judgment evidence, Lee and Morgan attached to their response the affidavit of Morgan and several pages from the deed of trust. Bank of America

---

[4]    Although entitled, "Plaintiffs' Response to Defendant's No-Evidence Motion for Summary Judgment Against James Morgan," the response addresses issues raised in Bank of America's separate no-evidence summary-judgment motions against Morgan and Lee.

[5]    Morgan and Lee asserted that Bank of America had adopted United States Treasury Directives regarding HAMP as its own internal policies and procedures.

moved to strike certain paragraphs of Morgan's affidavit, and the trial court granted its motion as to various paragraphs on the ground that they contained conclusory statements.

The trial court granted Bank of America's motion to dismiss Morgan's claims, and it granted summary judgment against Lee on his claims. Lee and Morgan then filed motions for new trial, arguing that the trial court had erred in granting Bank of America summary judgment because Bank of America had used its summary-judgment motion to circumvent special-exceptions practice, there was an inadequate time for discovery, they had produced evidence raising a fact issue on the elements challenged by Bank of America, and a disputed fact issue existed about whether Bank of America had approved the proposed sale between Lee and Morgan. Morgan also argued that he should be "reinstated" into the case because the trial court had erroneously found that it did not have jurisdiction over his claims. The trial court denied Lee and Morgan's motions for new trial.

## Dismissal of Morgan's Claims

In their first issue, Lee and Morgan simply assert that the "Motion to Dismiss for Lack of Jurisdiction against James Morgan [s]hould have been [d]enied." Lee and Morgan present no further argument or citation to the record or authority beyond this sentence.

5

The conclusory, unsupported title in one sentence, contained in a preliminary section of the brief listing the issues presented, without any discussion of the issue in the argument section, is insufficient to raise an issue for our review. *See* TEX. R. APP. P. 38.1(i) (requiring a brief to contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (noting that appellate courts have discretion to deem issues waived due to inadequate briefing); *M.D. Mark, Inc. v. PIHI P'ship*, No. 01–98–00724–CV, 2001 WL 619604, at \*12 (Tex. App.—Houston [1st Dist.] June 7, 2001, no pet.) (not designated for publication) ("There is no 'argument and authority' section corresponding to the three points of error listed in the table of contents. As such, they are not properly before the Court."). Because there is no discussion of this issue in the body of Lee and Morgan's brief and no citation to supporting authority, we hold that they have presented nothing for our review. *See Cervantes-Peterson v. Texas Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Richard v. Cornerstone Constructors, Inc.*, 921 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (overruling points of error because although "courts generally construe the briefing rules liberally, a point of error unsupported by the citation of any authority presents nothing for [an appellate court] to review").

We overrule Lee and Morgan's first issue.

## No-Evidence Summary Judgment

In his second issue, Lee argues that the trial court erred in granting summary judgment against him because Bank of America used its no-evidence summary-judgment motion to circumvent special-exceptions practice, there was an inadequate time for discovery, he produced summary-judgment evidence raising a fact issue on the elements challenged by Bank of America, and a disputed fact issue exists as to whether Bank of America had approved the proposed sale between Lee and Morgan.

The trial court's grant of summary judgment relates only to Lee's claims because it dismissed Morgan's claims. Because the trial court's summary judgment against Lee did not prejudice Morgan, he has no justiciable interest in the summary judgment and lacks standing to challenge it. *See Kitchen v. Norkus*, No. 01-12-01054-CV, 2013 WL 6198324, at *1 (Tex. App.—Houston [1st Dist.] Nov. 26, 2013, no pet.) (mem. op., not designated for publication); *see also A & B Bolt & Supply, Inc. v. Nat'l Oil Well Varco, LP*, No. 01–07–01069–CV, 2008 WL 340511, at *2 (Tex. App.—Houston [1st Dist.] Feb. 7, 2008) (mem. op., not designated for publication) (dismissing certain appellants who were not enjoined by trial court's order).

We review a no-evidence summary judgment de novo under the same legal-sufficiency standard used to review a directed verdict. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.). To prevail on a no-evidence summary-judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's cause of action or affirmative defense. TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn v. Love*, 321 S.W.3d 517, 524 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Although the non-movant is not required to marshal his proof, he must present evidence that raises a genuine issue of material fact on each of the challenged elements. TEX. R. CIV. P. 166a(i); *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A no-evidence summary-judgment motion may not be granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *See Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.

8

1997).  When reviewing a no-evidence summary-judgment motion, we assume that all evidence favorable to the non-movant is true and indulge every reasonable inference and resolve all doubts in favor of the non-movant.  *Spradlin v. State*, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

### *Special Exceptions Practice*

Lee first argues that the trial court erred in granting Bank of America summary judgment because it used the motion to circumvent special-exceptions practice.  In support of his argument, Lee relies on several cases in which the defendants attacked the sufficiency of the plaintiffs' pleadings, arguing in their summary-judgment motions that the plaintiffs had failed to state a cause of action. *See Kassen v. Hatley*, 887 S.W.2d 4, 13 n. 10 (Tex. 1994); *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209 (Tex. 1990).   However, these cases are not applicable here because the defendants in those cases based their matter-of-law summary-judgment motions on the plaintiffs' pleadings and whether a plaintiff had stated a claim.  Here, in its no-evidence summary-judgment motion, Bank of America argued that Lee had no evidence to support the elements of his claims, not that his pleadings failed or were insufficient to assert a cause of action.  The trial court simply granted Bank of America summary judgment based on the lack of any evidence produced by Lee in

response to the no-evidence motion, not on the basis of a failure to sufficiently state a claim.

### *Inadequate time for discovery*

Lee next argues that the trial court erred in granting Bank of America summary judgment because he had not yet had an adequate opportunity for discovery. When a party contends that it has not had an adequate opportunity for discovery before a summary-judgment hearing, the party must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enter. Prods., Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *West v. SMG*, 318 S.W.3d 430, 443 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The record does not reflect that Lee took either of these steps; thus, he failed to preserve error. *See Tenneco, Inc.*, 925 S.W.2d at 647; *Doe v. Roman Catholic Archdiocese of Galveston–Houston ex rel. Dinardo*, 362 S.W.3d 803, 811–12 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Triad Home Renovators, Inc. v. Dickey*, 15 S.W.3d 142, 145 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### *Genuine Issues of Material Fact*

Lee next argues that the trial court erred in grating Bank of America summary judgment because a fact question exists as to whether Bank of America

approved his proposed sale to Morgan and he provided summary-judgment evidence raising a fact issue on the elements of his claims.

Lee does not discuss the standard of review applicable to this issue, provide any analysis, or cite any relevant authority. A brief must contain a clear and concise argument for the contentions made with appropriate citations to the authorities and to the record. *See* TEX. R. APP. P. 38.1(i). Lee neither makes any substantive argument, nor provides any citation to authority demonstrating that the trial court erred in granting summary judgment. Lee provides this Court no guidance as to how Morgan's affidavit or the deed of trust attached to his response precluded summary judgment on any of his causes of action, nor does he point out any material fact issue on the elements necessary to support his causes of action. *See Washington v. Taylor*, 01-08-00255-CV, 2010 WL 1571201, at *5 (Tex. App.—Houston [1st Dist.] Apr. 8, 2010). Thus, this portion of Lee's issue is waived. *See* TEX. R. APP. P. 38.1(i); *Saudi v. Brieven*, 176 S.W.3d 108, 120 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding that appellant's failure to cite authority and provide analysis in initial brief waived issue on appeal). Moreover, we note that Lee has presented no evidence raising a fact issue on any element of his claims challenged by Bank of America in its no-evidence summary-judgment motion, and he has not otherwise shown that a genuine issue of material fact existed on the pertinent elements.

Accordingly, we hold that the trial court did not err in granting Bank of America summary judgment.

We overrule Lee's second issue.

## Motion for New Trial

In their third issue, Lee and Morgan assert in one sentence, without any additional briefing, that the "Motion for New Trial should have been granted" for the same reasons that the trial court erred in granting Bank of America summary judgment.

We review the trial court's denial of a motion for new trial for an abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 204 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court has broad discretion to deny or to grant a motion for new trial, and the trial court's discretion will not be disturbed on appeal absent a showing of a manifest abuse of that discretion. *Batra v. Clark*, 110 S.W.3d 126, 128 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Lee and Morgan's arguments in their motions for new trial reiterated the arguments that they presented in their response to Bank of America's no-evidence summary-judgment motion and motion to dismiss Morgan's claims. We have concluded that the trial court did not err in granting summary judgment against Lee, and Morgan has waived the issue of whether the trial court erred in dismissing

12

his claims.  Accordingly, we further hold that the trial court did not err in denying Lee and Morgan's motions for new trial.

We overrule Lee and Morgan's third issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

13